Alan H. Weinreb, Esq.
MARGOLIN, WEINREB & NIERER, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone: (516) 945-6055
alan@nyfclaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
WINDWARD BORA LLC,

               Plaintiff,                            VERIFIED COMPLAINT

        -against-

MICHAEL SPERLING, MARY SPERLING,

               Defendant(s).
---------------------------------------------------------X

Plaintiff, Windward Bora LLC (hereinafter, "Plaintiff"), by and through its attorneys, Margolin, Weinreb & Nierer, LLP as and for its Verified Complaint of foreclosure of the premises and mortgage against Defendants Michael Sperling and Mary Sperling (collectively the "Defendants"), respectfully alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. This is an action brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 *et seq.*, to foreclose on a mortgage encumbering the property commonly known as 6 Rhetta Lane, Port Jefferson Station, NY 11776 known on the Suffolk County Tax Map as District: 0200 Section: 254.00 Block: 04.00 Lot: 017.000 (the "Subject Property"). The Legal Description of the property is annexed hereto as Exhibit "A".

## PARTIES

2. Windward Bora LLC is a limited liability company organized under the laws of the State of Delaware. Windward Bora LLC is a single member limited liability company, whose sole

member is a citizen of the United States and is domiciled in the State of Florida. For the purposes of diversity, Windward Bora LLC is a citizen of Florida.

3. Mary Sperling, upon information and belief, is a resident and citizen of the State of New York, having an address at 6 Rhetta Lane, Port Jefferson Station, NY 11776. Mary Sperling is a necessary party defendant to this action by virtue of the fact that she (i) is the co-owner of record of the Subject Property, pursuant to Deed dated July 21, 2023, and recorded in the Suffolk County Clerk's office on September 21, 2023 as Liber 13219 at Page 357. See Exhibit "G".

4. Michael Sperling, upon information and belief, is a resident and citizen of the State of New York, having an address at 6 Rhetta Lane, Port Jefferson Station, NY 11776. Michael Sperling is a necessary party defendant to this action by virtue of the fact that he (i) is the co-owner of record of the Subject Property, pursuant to Deed dated July 21, 2023, and recorded in the Suffolk County Clerk's office on September 21, 2023 as Liber 13219 at Page 357. See Exhibit "G".

5. Each of the above-named defendants has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

6. This action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

7. Venue is deemed proper in this District pursuant to 28 U.S.C. §1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Subject Property is located in this district.

## FACTUAL BACKGROUND

8. This action is brought to foreclose a mortgage made by Eileen Colavecchio[1] (now deceased) set out as follows: Mortgage dated June 14, 2006, made by Eileen Colavecchio to Mortgage Electronic Registration Systems, Inc., as nominee for Mortgage Lenders Network USA, Inc. to secure the sum of $95,000.00 and interest, recorded in Liber 21340, Page 397 in the Suffolk County Clerk's office on July 19, 2006. Said lien covers the premises known as 6 Rhetta Lane, Port Jefferson Station, NY 11776. A copy of the Mortgage is annexed as Exhibit "B".

9. On June 14, 2006, Eileen Colavecchio executed and delivered a Note to Mortgage Lenders Network USA, Inc. in the amount of $95,000.00. A copy of the Note with endorsements and Allonges is annexed as Exhibit "C".

10. On or about August 19, 2019, Borrower Eileen Colavecchio entered into a written Loan Modification Agreement with Plaintiff c/o Plaintiff's loan servicer whereby Colavecchio reaffirmed her obligations under loan documents in which the new unpaid principal balance was modified to the amount of $209,305.11(the "Modification Agreement"). The terms of the repayment were also modified. A copy of the Modification Agreement is annexed hereto as Exhibit "D".

11. The Note was transferred by the affixation of endorsements and Allonges affixed to the Note. The Mortgage was assigned by Assignments of Mortgage as follows:

---

[1] Borrower Eileen Colavecchio died on February 8, 2023.

a. **Assignor:** Mortgage Electronic Registration Systems, Inc., as nominee for Lenders Network USA, Inc.
   **Assignee:** Partners for Payment Relief DE II, LLC
   **Dated:** September 29, 2014, **Recorded:** December 5, 2014
   Liber: 22546 Page: 929

b. **Assignor:** Partners for Payment Relief DE II, LLC
   **Assignee:** SMR I LLC
   **Dated:** May 14, 2015, **Recorded:** July 17, 2017
   Liber: 22834 Page: 339

c. **Assignor:** SMR I LLC
   **Assignee:** Aspen Properties Group, LLC as Trustee for Aspen G. Revocable Trust
   **Dated:** March 15, 2017, **Recorded:** July 17, 2017
   Liber : 22834 Page: 340

d. **Assignor:** Aspen Properties Group, LLC as Trustee for Aspen G. Revocable Trust
   **Assignee:** Windward Bora LLC
   **Dated:** June 11, 2018, **Recorded:** August 13, 2018
   Liber : 22949 Page: 951

The Assignments of Mortgage are annexed hereto as Exhibit "E", respectively.

12. Any applicable recording tax was duly paid at the time of recording said mentioned mortgage.

13. Plaintiff is in physical possession and is the owner and holder of said Note and Mortgage.

14. The Borrower has failed to comply with the terms and provisions of the said Mortgage and said instrument(s) secured by the Mortgage, by failing to make the Monthly Payments due on May 1, 2023, and the default continues to date.

15. Plaintiff has complied with the contractual provisions in the loan documents in that a 30-day notice to cure was issued on September 20, 2023 (the "Default Notice") advising of possible acceleration of the loan and that by virtue of the continuing default under the Note and Mortgage, if the arrears are not cured, Plaintiff may declare that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable. The 90-day notice provided by RPAPL §1304(1) (the "90 Day Notice") was

issued on September 20, 2023. Plaintiff has complied with the registration requirements of RPAPL §1306(1). Copies of the Default Notice and 90 Day Notice with proof of mailing and registration are annexed hereto as Exhibit "F".

16. The CFPB Reg. F Validation Notice was issued on October 10, 2023.

17. As of the date herein, Defendants have failed to respond to the Default Notices.

18. Due to the above-described default, Mary Sperling and Michael Sperling are indebted to Plaintiff pursuant to the terms of the Note and Mortgage for:

   a. The unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges which sum as of August 15, 2023 amounts to $211,949.60;

   b. Attorney's fees and other costs and disbursements, payable to Windward Bora LLC, under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full; and

   c. Any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

19. Plaintiff requests that in the event that this action will proceed to judgment of foreclosure and sale, said premises should be sold subject to the following:

   a. Any state of facts that an inspection of the premises would disclose.

   b. Any state of facts that an accurate survey of the premises would show.

   c. Covenants, restrictions, easements and public utility agreements of record, if any.

   d. Building and zoning ordinances of the municipality in which the Mortgaged premises are located and possible violations of same.

   e. Any right of tenants or person in possession of the subject premises.

    f. Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale.

    g. Prior lien(s) of record, if any.

20. In the event that Plaintiff possesses any other lien(s) against said mortgaged premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

21. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinfore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

22. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage or for recovery of the said sum secured by said Note and Mortgage or any part thereof, except a prior action which was discontinued due to the execution of the Modification Agreement.

    **WHEREFORE**, the Plaintiff demands judgment that the Defendant(s) and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said mortgaged premises and each and every part and parcel thereof; that the premises may be decreed to be sold in one parcel, according to law, subject to the terms set forth in this complaint; that the monies arising from the sale thereof may be bought into Court; that the Plaintiff may be paid the amount due on the Note

and Mortgage as hereinfore set forth, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums from the dates incurred by Plaintiff pursuant to any term or provision of the Note and Mortgage set forth in this complaint, or to protect the lien of Plaintiff's Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; and that in the event that Plaintiff possesses any other lien(s) against said mortgage premises either by the way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the premises to Plaintiff, and that the Plaintiff may have such other and further relief, or both, in the

premises, as may be just and equitable.

Dated: August 22, 2024
      Syosset, New York

                                                Yours, etc.
                                                Margolin, Weinreb & Nierer, LLP
                                                Attorneys for Plaintiff
                                                By: /s/ *Alan H. Weinreb*
                                                Alan H. Weinreb, Esq.

## VERIFICATION BY ATTORNEY

**ALAN H. WEINREB**, an attorney duly admitted to practice before the courts of this state and associated with the attorneys of record for the plaintiff, affirms under the penalties of perjury that: I have read the foregoing Complaint and the same is true to my own knowledge except as to matters alleged to upon information and belief as to those matters I believe them to be true. The grounds of my belief as to matters not based upon personal knowledge are communications with plaintiff or officers and/or agents of plaintiff and copies of plaintiff's records in my possession. This affirmation is made by me because plaintiff is not in a county in which my firm has its office.

Dated: August 22, 2024
Syosset, New York

/s/ Alan H. Weinreb
**ALAN H. WEINREB**